UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL FRANKSTON,

    Plaintiff,

  v.

BRACKETT B. DENNISTON, III, and
DENNIS M. PERLUSS,

    Defendants.

Civil Action No. 05-10495-REK

**ANSWER OF DEFENDANT
BRACKETT B. DENNISTON, III**

Defendant Brackett B. Denniston, III ("Defendant"), by his undersigned attorneys, hereby answers and defends against the Amended Complaint filed by plaintiff Michael Frankston ("Frankston").

**INTRODUCTORY STATEMENT**

Frankston claims that, almost *sixteen years ago*, Defendant committed legal malpractice when Frankston was advised that, based upon representations made by Frankston, Frankston had been a member of a "partnership" that had: engaged in illegal activities relating to the ownership and sales of stock in a public corporation; failed to make mandated disclosures; and made false and misleading statements in filings with the Securities and Exchange Commission ("SEC").

Consistent with their ethical obligations to act in their client's best interests, attorneys at Goodwin, Procter & Hoar further advised Frankston not to assert certain claims against the other "partners" because to do so would have exposed Frankston to criminal and civil liability and would have been inconsistent with their ethical obligations.

Frankston thereafter engaged another attorney, Joshua Tropper ("Tropper"), who disagreed with this advice and who, in 1993, advised Frankston that the "partnership" claims could be brought "without any risk." Amended Complaint ¶ 27. However, despite Tropper's advice, Frankston and Tropper failed to assert those claims until *after* the applicable Statute of Limitations had expired.

Frankston's claims against Defendant will fail, not only because this advice was correct and well-founded on the facts, as represented by Frankston, and the applicable law, but also because Frankston waited almost *twelve years* after receiving a "second opinion" from Tropper to commence this action. Frankston's claims are time-barred.

## FIRST DEFENSE

By way of a general response, all allegations are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific fact and not as to any conclusion, characterization, implication, or speculation that is contained in the factual averment; or in the Amended Complaint as a whole. All responses are made without waiving any rights to file dispositive motions addressed to some or all of the claims asserted in the Amended Complaint or to amend his Answer.

The numbered paragraphs of the Amended Complaint are answered as follows:

### "PARTIES"

(1)    Upon information and belief, the allegations contained in paragraph 1 of the Amended Complaint are admitted.

(2)    The allegations contained in paragraph 2 of the Amended Complaint are admitted.

(3)   Upon information and belief, the allegations contained in paragraph 3 of the Amended Complaint are admitted.

## "FACTS"

(4)   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint. Further answering, Defendant states that Frankston represented said allegations to be true.

(5)   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint. Further answering, Defendant states that Frankston represented said allegations to be true.

(6)   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint. Further answering, Defendant states that Frankston represented said allegations to be true.

(7)   Certain documents filed by Aura Systems, Inc. ("Aura") with the SEC identify Frankston and the other individuals identified in paragraph 5 of the Amended Complaint as directors or officers of Aura. Certain of those documents also indicate that Aura, formerly known as Anchor Growth Corporation, acquired all of the outstanding capital stock of Innovative Information Systems in February 1987. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Amended Complaint. Further answering, Defendant states that Frankston represented said allegations to be true.

(8)   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint. Further

answering, Defendant states that Frankston represented said allegations to be true.

(9) Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint. Further answering, Defendant states that Frankston represented said allegations to be true.

(10) Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint. Further answering, Defendant states that Frankston represented said allegations to be true.

(11) Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint. Further answering, Defendant states that Frankston represented the allegations contained in the first and second sentences to be true.

(12) Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint. Further answering, Defendant states that Frankston represented said allegations to be true.

(13) Admitted that Frankston served as a member of Aura's Board of Directors until January 1989. Admitted that, in or around February 1989, Frankston engaged Goodwin, Procter & Hoar (now Goodwin Procter LLP) to advise Frankston in connection his desire to sell certain restricted stock of Aura. Admitted that Defendant was a partner of the firm at that time. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Amended Complaint. Further answering, Defendant states that Frankston represented said allegations to be true.

(14)   Certain filings that Aura made with the SEC indicate that in, November 1988, Aura completed a $5,000,000 private placement of its common stock, and that the proceeds of the placement were used, *inter alia,* to "retire . . . loans to officers and directors." *See, e.g.,* Aura Systems, Inc. Form 10-K For The Year Ended February 28, 1989 at p. 14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Amended Complaint. Further answering, Defendant states that Frankston represented said allegations to be true.

(15)   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint. Further answering, Defendant states that Frankston represented said allegations to be true.

(16)   Goodwin Procter & Hoar received a copy of a document dated March 1, 1989, which purported to set forth amounts "due and owed to Michael Frankston from Aura Systems." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Amended Complaint.

(17)   Defendant denies the allegations contained in the first and second sentences of paragraph 17 of the Amended Complaint, except that Goodwin Procter & Hoar received another document from Frankston, also dated March 1, 1989, which also purported to set forth amounts "due and owed to Michael Frankston from Aura Systems." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Amended Complaint. Further answering, Defendant states that Frankston represented said allegations to be true.

(18) An "Amendment No. 3 to Form S-1 Registration Statement" was filed with the SEC on April 19, 1989 that indicated (on page 50) that Zvi Kurtzman, Cipora Kurtzman, Patrick K. Glenn, Arthur J. Schwartz and Neal R. Kaufman "each received 48,000 shares of Common Stock at $1.25 per share in connection with the Company's 1988 private placement in payment of certain then outstanding indebtedness." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Amended Complaint.

(19) Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint. Further answering, Defendant states that Frankston represented said allegations to be true.

(20) Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint.

(21) Admitted that, on March 13, 1991, a Complaint was filed in the United States District Court for the District of Massachusetts by Goodwin Procter & Hoar on behalf of Frankston against Aura, AmCan Cyphermaster, Inc., Innovative Systems, Inc. and Zvi Kurtzman ("Federal Court Action") and that a copy of an alleged "account statement" was attached as Exhibit A to the Complaint. That Complaint speaks for itself. Defendant denies the allegations contained in the second sentence of paragraph 21 of the Amended Complaint.

(22) Admitted that defendants moved to transfer the Federal Court Action to the United States District Court for the Central District of California and that that motion was allowed. Also admitted that, after the Federal Court Action was transferred, Goodwin, Procter &

        Hoar recommended to Frankston that he engage defendant Dennis M. Perluss (now a Judge on the California Court of Appeal) ("Perluss"). Admitted that Frankston engaged Perluss, who was then a partner of Hufstedler, Kaus & Ettinger, to represent Frankston in connection with the Federal Court Action.

(23)    Admitted that, in certain correspondence subsequent to the transfer of the Federal Court Action, Frankston raised questions regarding the claims asserted in the Federal Court Action and that some of those questions related to a "stock pool." That correspondence speaks for itself. Defendant denies the remaining allegations contained in paragraph 23 of the Amended Complaint.

(24)    Admitted that, in certain correspondence subsequent to the transfer of the Federal Court Action, Frankston raised questions regarding the claims asserted in the Federal Court Action and that some of those questions related to a "stock pool." Defendant denies the remaining allegations contained in paragraph 24 of the Amended Complaint.

(25)    Admitted that Frankston engaged Lee & Tropper to replace Hufstedler, Kaus & Ettinger in the Federal Court Action. The docket sheet for the Federal Court Action states that, on March 19, 1993, Tropper, of Lee & Tropper, replaced Perluss as counsel for Frankston. Defendant denies the remaining allegations contained in paragraph 25 of the Amended Complaint.

(26)    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint.

(27)    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint.

(28)    Defendant denies the allegations contained in paragraph 28 of the Amended Complaint.

(29)    Admitted that, based upon its opinion and decision, the United States Court of Appeals for the Ninth Circuit reversed the grant of summary judgment against Frankston in the Federal Court Action on the ground that the claims were not time-barred under the governing Massachusetts Statute of Limitations.  Admitted that, based on the docket sheet of the Court of Appeals, Goodwin Procter & Hoar did not withdraw its appearance throughout the appeal.  Admitted that, based on the docket sheet, in June 1994, Frankston filed a Complaint in the Los Angeles County Superior Court for the State of California asserting claims relating to the activities of a "stock pool" ("State Court Action") and that neither Defendant nor Perluss represented Frankston in the State Court Action.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Amended Complaint.  Further answering, Defendant states that he resigned from Goodwin Procter & Hoar on September 30, 1993 to become Chief Legal Counsel to the Governor of Massachusetts.

(30)-(37)    Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraphs 30 through 37 of the Amended Complaint, except that the California Court of Appeal issued an opinion and decision on September 22, 2003 in a case styled *Frankston v. Glenn* and that opinion and decision speak for themselves.

"COUNT I – Brackett Denniston"

(38) Defendant incorporates by reference his answers to paragraphs 1 through 37 of the Amended Complaint as if set forth fully herein.

(39) Paragraph 39 of the Amended Complaint asserts only a conclusion of law and therefore requires no response by Defendant.  To the extent that paragraph 39 may be construed to contain allegations of fact, those allegations are denied.

(40) Paragraph 40 of the Amended Complaint asserts only conclusions of law and therefore requires no response by Defendant.  To the extent that paragraph 40 may be construed to contain allegations of fact, those allegations are denied.

(41) Paragraph 41 of the Amended Complaint asserts only conclusions of law and therefore requires no response by Defendant.  To the extent that paragraph 41 may be construed to contain allegations of fact, those allegations are denied.

(42) Paragraph 42 of the Amended Complaint asserts only a conclusion of law and therefore requires no response by Defendant.  To the extent that paragraph 42 may be construed to contain allegations of fact, those allegations are denied.

"COUNT II – Dennis Perluss"

(43)-(47)   Paragraphs 43 through 47 of the Amended Complaint are not directed to Defendant, and therefore require no response by Defendant.  To the extent those paragraphs may be construed to contain allegations of facts directed to Defendant, those allegations are denied.

**ADDITIONAL DEFENSES**

For further answer to the Amended Complaint, Defendant states as follows:

**SECOND DEFENSE**

Frankston's claims are barred because they are based upon an illegal and unenforceable agreement and illegal acts and omissions.

### THIRD DEFENSE

Frankston has failed to make sufficient service of process.

### FOURTH DEFENSE

Frankston's claims are barred by the applicable Statute of Limitations.

### FIFTH DEFENSE

Frankston's claims are barred, in whole or in part, by his failure to mitigate his damages.

### SIXTH DEFENSE

Frankston's damages, if any, were not proximately caused by any act or omission by Defendant, but rather, were the direct and proximate result of Frankston's own negligence.

### SEVENTH DEFENSE

Frankston's damages, if any, were not proximately caused by any act or omission by Defendant, but rather, were the direct and proximate result of the negligence of Frankston's successor counsel, Lee & Tropper.

### EIGHTH DEFENSE

Frankston's damages, if any, were not proximately caused by any negligent act or omission by Defendant, but rather, were the direct and proximate result of the supervening negligence of Frankston and his successor counsel, Lee & Tropper.

### NINTH DEFENSE

Defendant's alleged negligence, if any, was exceeded by Frankston's own negligence and, consequently, Frankston is not entitled to any recovery.

**TENTH DEFENSE**

To the extent Frankston's negligence did not exceed Defendant's alleged negligence, Frankston's damages, if any, are to be reduced by the amount of damages caused by Frankston's own negligence.

**ELEVENTH DEFENSE**

Frankston's claims are barred, in whole or in part, because his claims against the "partners" are barred by the doctrines of *res judicata* and/or collateral estoppel.

**TWELFTH DEFENSE**

Frankston's claims are barred by the doctrine of judgmental immunity in that the advice offered to Frankston was based on the good faith exercise of professional judgment.

**THIRTEENTH DEFENSE**

As a matter of public policy, Frankston should not be permitted to maintain an action for legal malpractice because Frankston's claims against the "partners" were based upon an illegal and unenforceable "agreement" and asserting them would have exposed Frankston to criminal and civil liability.

**FOURTEENTH DEFENSE**

Pursuant to Fed. R. Civ. P. 12(b)(7), the Complaint should be dismissed because Frankston has failed to join a party under Fed. R. Civ. P. 19.

**FIFTEENTH DEFENSE**

Denniston hereby gives notice that he intends to rely on such other and further defenses as become available or apparent during discovery proceedings in this case, and he hereby preserves the right to assert such defenses.

11

## PRAYERS FOR RELIEF

WHEREFORE, Defendant requests that this Court:

(1)  dismiss this action against Defendant with prejudice;

(2)  order that Frankston take nothing;

(3)  award Defendant his costs of this action, including reasonable attorneys' fees; and

(4)  award Defendant such other and further relief as the Court deems just and proper.

BRACKETT B. DENNISTON, III

By his attorneys,

 /s/ John Kenneth Felter, P.C.
John Kenneth Felter, P.C. (BBO #162540)
William J. Connolly III (BBO #634845)
Jeremy C. Millard (BBO #657448)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
(617) 570-1211

Dated:  April 15, 2005

LIBA/1520003.4