UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL FRANKSTON, | ) |
| | ) |
| Plaintiff, | )   CIVIL ACTION NO. |
| | )   05-10495-REK |
| v. | ) |
| | ) |
| BRACKETT B. DENNISTON, III, | ) |
| And DENNIS M. PERLUSS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MOTION OF THE PLAINTIFF TO REMAND ACTION TO SUPERIOR COURT

Now comes the Plaintiff, Michael Frankston, and hereby moves pursuant to 28 U.S.C. § 1447 for an order remanding the action to the Superior Court for the County of Middlesex, on the ground that one of the defendants did not join in the petition for removal, despite receipt of the summons and complaint setting forth the claims for relief upon which the action is based.

## MEMORANDUM OF REASONS WHY THE MOTION SHOULD BE GRANTED

There are two defendants in this action, and only one of them (defendant Denniston) petitioned for removal. The failure of the other defendant to join in the petition "constitutes a 'defect in the removal procedure' and is ground for remand." *Montana v. Abbott Labs.*, 266 F.Supp. 2d 250, 260 (D.Mass. 2003), quoting *Murphy v. Newell Operating Co.*, 245 F.Supp.2d 316, 318 (D.Mass. 2003), citing *Sansone v. Morton Machine Works, Inc.*, 188 F.Supp. 2d 182, 184 (D.R.I. 2002).

Although Denniston's Notice of Removal asserts "Upon information and belief, defendant Perluss does not object to the removal of the State Court Action to this Court" (Notice of Removal at 2, ¶ 5), such an unsubstantiated assertion cannot be considered

consent on the part of defendant Perluss. Moreover, Perluss has subsequently moved to transfer the claims against him to Superior Court, a motion inconsistent with consent to removal.

It has been established for more than a century by the United States Supreme Court that "a removal could not be effected unless all the parties on the same side of the controversy united in the petition." *Chicago, R.I. & P.R. Co. v. Martin*, 178 U.S. 245, 248 (1900). The Supreme Court has recognized this principle as still valid, as recently as the 2002 decision in *Lapides v. Bd. Of Regents of the Univ. System of Ga.*, 535 U.S. 613, 620 (2002) ("removal requires the consent of all defendants").

Moreover, defendant Perluss lost the power to add his consent to the removal when the statutory thirty-day limit for removal passed. *Davidson v. Rand*, 2005 DNH 60, 2005 U.S. Dist. LEXIS 5871, *12-13 (D.N.H. 2005). Although, as that case notes, the First Circuit has not passed on this precise point (*id.* at *11-12), any ambiguity in the removal statute is to be resolved against removal. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Rosselló-González v. Calderón-Serra*, 398 F.3d 1, 11 (1st Cir. 2004).

WHEREFORE, Plaintiff requests that this Court grant the instant motion and order the action remanded to the Superior Court for Middlesex County.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned hereby certifies that he has conferred with J. Kenneth Felter, P.C., counsel for the removing defendant, to attempt in good faith to resolve or narrow the issues prior to filing this motion. Mr. Felter stated that the removal was filed after consultation with the co-defendant, and that he was (as quoted above) informed that

defendant Perluss would consent to removal. In light of the legal authorities cited above to the effect that Perluss's failure to express such consent timely invalidates the removal, without regard to its *bona fides*, we were not able to resolve the issue.

Respectfully submitted,

MICHAEL FRANKSTON

By his attorneys,

_____
Joshua Tropper (BBO # 652921)
(Application for admission
to this court pending)
GAMBRELL & STOLZ, L.L.P.
Monarch Plaza, Suite 1600
3414 Peachtree Road
Atlanta, GA 30326
(404) 577-6000

## CERTIFICATE OF SERVICE

I, JOSHUA TROPPER, hereby certify that a true copy of the above document, Motion Of The Plaintiff To Remand Action To Superior Court, was served upon the attorney of record for each other party by mail on April 13, 2005.

_____
Joshua Tropper (BBO # 652921)

DATED:    April 13, 2005