UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL FRANKSTON,<br><br>    Plaintiff,<br><br>  v.<br><br>BRACKETT B. DENNISTON, III, and<br>DENNIS M. PERLUSS,<br><br>    Defendants. | Civil Action No. 05-10495-REK |

**OPPOSITION OF DEFENDANT BRACKETT B. DENNISTON, III
TO MOTION OF PLAINTIFF TO REMAND ACTION TO SUPERIOR COURT**

Defendant Brackett B. Denniston, III ("Denniston"), by his undersigned attorneys, hereby opposes the Motion for Remand served by plaintiff Michael Frankston ("Frankston"). Although Frankston's Motion was *served* on April 13, 2005, it has never been *filed* with this Court. Thus, if Frankston ever files a Motion for Remand, it will be untimely under both Local Rule 5.1(b) and the remand statute, 28 U.S.C. § 1447(c). As to the substance of Frankston's Motion, contrary to his assertions, both defendants to this action properly and timely complied with the removal statute; moreover, the time for defendant Dennis M. Perluss ("Perluss") to consent to removal has not begun to run.

**MEMORANDUM OF REASONS WHY THE MOTION SHOULD BE DENIED**

**A.** *Frankston Has Not Timely Filed His Motion for Remand.*

There is an initial, independent, and dispositive reason why Frankston's Motion for Remand must be denied. Local Rule 5.1(b) requires that papers served under Fed. R. Civ. P. 5(d) must (with certain irrelevant exceptions) be filed with the court within three days after service has been made. Frankston's Motion was served on April 13, 2005. Thus, the Motion was required to be filed with this Court no later than April 19, 2005. To date, Frankston's

- 2 -

Motion for Remand has not been filed.

More significantly, Frankston's lack of filing and non-compliance with the Local Rules bar relief under the remand statute, 28 U.S.C. § 1447(c). That Section states:

> A motion to remand the case on the basis of any defect other than lack of subject mater jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

Frankston bases his Motion for Remand on the form and timing of Denniston's Notice of Removal and Perluss's consent to removal. Frankston does not suggest a subject matter defect. "[A]ny [irregularity in removal other than a subject-matter defect] is merely a procedural defect that is subject to waiver if not brought to the court's attention by the parties. . . .Among the more common instances of procedural defect are: (1) the failure of the defendants to file the notice of removal within the time permitted by § 1446(b). . .(2) the failure of all defendants to join in or assent to removal. . . ." James Wm. Moore, *Moore's Federal Practice: Judicial Code, Title 28 U.S.C.*, ¶ 1447.2[2][b] at 581 (2005 ed.) (citing cases).

Thus, the thirty-day time limit applies to Frankston's remand motion. Since the Notice of Removal was filed on March 15, 2005, Frankston was required to "make" his remand motion by April 14, 2005. But Frankston's Motion for Remand, now untimely under Local Rule 5.1(b), cannot be "made" within the statutory time limit. *See* 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3739 at 454 (3d ed. 1998) (referring to "the thirty-day period following the *filing* of the removal notice") (emphasis added).

After the thirty-day period, "the right to object to nonjurisdictional defects in the removal process is considered waived. The expiration of this period bars both a motion by one of the parties and a *sua sponte* remand by the district court." *Id.* at 454-55 (citing cases.) As a result, Frankston's Motion—to the extent it is ever brought before this Court—must be denied.

- 2 -

**B.** *Both Defendants Properly and Timely Complied with the Removal Statute.*

The removal statute, 28 U.S.C. § 1446, imposes certain requirements on defendants seeking to remove an action to federal court. "In cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition" within thirty days of being served. *Murphy v. Newell Operating Co.*, 245 F. Supp. 2d 316, 318 (D. Mass 2003).

That is precisely what happened here. On March 15, 2005, twenty-seven days after receiving a Complaint and Summons from Frankston, Denniston filed a Notice of Removal to "remove[] this action to this Court." Notice of Removal at 1. The Notice of Removal explicitly set out, in a separate paragraph, the consent of Perluss, the only other defendant to this action. Specifically, the Notice of Removal stated that "defendant Perluss does not object to the removal of the State Court Action to this Court." *Id.* at ¶ 5. Indeed, Perluss filed a Notice on April 14, 2005, "confirm[ing] that [Perluss] consented to [Denniston's] Notice of Removal. . . ."[1] Perluss's consent was therefore express and timely.

Frankston now seeks remand, objecting to the form and timing of Perluss's consent to removal. But the Court of Appeals for the First Circuit has never ruled that a consenting co-defendant must express consent through a separate communication to the Court. Indeed, that requirement would run counter to the plain text of the removal statute: "[t]here is no express statutory requirement for joinder or consent by co-defendants . . . ." *Engle v. R.J. Reynolds Tobacco Co.,* 122 F. Supp. 2d 1355, 1359 (S.D. Fla. 2000).

And, indeed, this Court would not be the first to deny remand in the particular circumstances of this case, even if Frankston's objection is well-taken. Remand was denied in

---

[1] Perluss's consent to removal was reiterated in footnote 1 of the Memorandum in Support of his Motion to Dismiss, filed April 15, 2005, and is also demonstrated by the fact that his two attorneys filed Notices of Appearance in this Court on March 29, 2005.

- 3 -

*Meyer v. ERJ, Inc.*, 1996 U.S. Dist. LEXIS 3012 (N.D. Ill. Mar. 14, 1996).  In that case, two defendants "said in their Notice of Removal that all the defendants had consented to the removal, but the other defendants did not themselves manifest that consent until more than 30 days after they had been served. . . ."  *Meyer* at *1.  The Court dismissed plaintiffs' arguments that such consent violated the letter or intent of the remand statute: "Here the signers alleged consent, and subsequent filings establish that there indeed has been consent.  And that is enough."  *Meyer* at *2 (citations omitted).

Similarly, in *Mechanical Rubber & Supply Co. v. American Saw and Manufacturing Co.*, 810 F. Supp. 986, 989-991 (C.D. Ill. 1990), defendant who filed the Notice of Removal stated that the other defendant joined in the Notice, which the Court found "sufficient" as long as the other defendant filed an affidavit confirming that it did in fact join at the time.  And in *Sicinski v. Reliance Funding Co.*, 461 F. Supp. 649, 652 (S.D.N.Y. 1978), the Court found that, where one defendant represented in the Notice of Removal that it was authorized to consent for the other defendant, any defect was "cured" by an affidavit that consented to removal, even though it was filed by the other defendant after the thirty-day period.  *See also Ogletree v. Barnes*, 851 F. Supp. 184, 190 (E.D. Penn. 1994) ("[a] few courts have allowed non-signing defendants to submit affidavits of consent after the thirty-day period had expired").  Here, Perluss's April 14, 2005 filing removes any doubt that he consented to Denniston's Notice of Removal.[2]

Denying remand would not prejudice Frankston.  Frankston was on notice of both defendants' desires to have this case resolved in this Court as soon as the Notice of Removal was filed.  Nor would a denial of remand run contrary to the principles behind the removal statute.

---

[2]    Frankston's motion for remand states that "[Perluss] has subsequently moved to transfer the claims against him to Superior Court, a motion inconsistent with consent to removal."  However, as this Court's docket indicates, that motion "was filed in the wrong case" and has been "deleted."

- 4 -

The "obvious purpose of the [thirty-day limit] is to prescribe a uniform time frame at the beginning of the action within which the question of whether the case will be heard in a state or federal court will be determined."  14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3732 at 277-279 (3d ed. 1998).   Since this Court has not yet ruled on remand, denying remand will not delay a determination of where the action will proceed.

Finally, resolving this case in this Court serves the goals of judicial economy and the prompt disposition of cases.  Perluss has already filed a Motion to Dismiss based on the Statute of Limitations, which will be determined on the basis of Massachusetts law whether it is heard in federal court, or in Massachusetts state court after remand.  By retaining jurisdiction of this case, this Court can expeditiously consider that Motion at the June 1, 2005 Scheduling Conference and, most likely, dispose of this case promptly.

As in *Meyer*, consent to remove was affirmatively stated and consent to remove has been established—"and that is enough."

**C. *Perluss's Time To Consent to Removal Has Not Begun to Run.***

Frankston's motion for remand has an even more fundamental problem: Perluss was improperly served.  Consequently, the period within which Perluss must express his desire to remove has not yet begun.

Under the removal statute, the thirty days in which a defendant may remove (or consent to removal) does not begin to run until "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C. § 1446(b).  The United States Supreme Court has interpreted this phrase to mean that the thirty-day period does not start until defendant is formally and properly served with both a summons and complaint. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove is

- 5 -

triggered by simultaneous service of the summons and complaint. . .but not by mere receipt of the complaint unattended by any formal service.")

Here, as shown by the Affidavit of Dennis M. Perluss, Perluss received defective Summonses addressed to Denniston. But Perluss has never received a Summons in this matter correctly addressed to him. Receipt of a different defendant's Summons does not conform to the requirements of either Fed. R. Civ. P. 4(a) or Mass. R. Civ. P. 4(b), both of which require a Summons to be "directed to the defendant." *See Burgin v. Toys-R-Us-Nytex, Inc.*, 1999 WL 454302 at *5 (W.D.N.Y. June 30, 1999) (citing Fed. R. Civ. P. 4(a) and quashing summons "[b]ecause the summons is 'directed to' Jane Doe and not to Nytex [and thus] it is technically 'insufficient.'") Consequently, Perluss was not formally served, and, under *Murphy Brothers*, his time to consent to removal has not yet begun.

Frankston may cite *In Re Pharmaceutical Industry Average Wholesale Price Litigation*, 307 F. Supp. 2d 190 (D. Mass 2004), where the Court found that service on one party of a different party's summons was a technical defect that did not prevent the 30-day removal "clock" from running. However, that case is distinguishable. First, it depended significantly on Arizona law, which is more generous in excusing defective summonses than is Massachusetts. *See Connolly Accuchem Corp. v. Eclectic Foods, Inc.*, 2001 Mass. App. Div. 205, *3 (vacating default judgment where "[t]he summonses directed to 'Jack Benjamin, President of Eclectic Foods' rather than to the defendant individually failed to provide the *clear, constitutionally mandated notice* to Benjamin that he was being sued and could be held liable in his personal capacity.") (emphasis added.) Second, *In Re Pharmaceutical* considered federal law suggesting that misnomer of a corporation is immaterial where the corporation is not misled. However, the case cited to support that point, *Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 223-226

(4th Cir. 1999), involved simple misnomers—such as omitting an "Inc."—and did not involve serving an entirely different party.

Moreover, the case at bar involves service on individual persons, not corporations as in *In Re Pharmaceutical*. *Cf. Stone v. Hicks*, 262 S.E. 2d 318, 320 (N.C. Ct. App. 1980) ("*Wiles* dealt with the narrow question of service of process upon a corporate defendant where a registered agent is involved. We hold *Wiles* does not apply to the facts in this case where jurisdiction is sought over individual natural persons.")

Finally, although *In Re Pharmaceutical* recognized that a defect in a summons coupled with prejudice could amount to improper service, that Court did not consider that prejudice will result if a remand is granted and defendants are denied their opportunity to defend in the forum of their choice—as would happen here.

Regardless of how the severity of Frankston's improper service is characterized, the fact is that Frankston caused the wrong Summons to be served on Perluss. It would be unfair to allow Frankston to avoid his error entirely without penalty, while denying defendants their rights to have their case heard in federal court—particularly Denniston, who was diligent in asserting his right to removal.[3] At a minimum, this Court should follow the lead of *Burgin*, which quashed a defective summons but directed plaintiff to effect proper service within twenty days. *Burgin* at *5. Such proper service would provide Perluss a renewed opportunity to assert his consent to removal. With those preliminary matters settled, the Court can ensure that this matter will be swiftly resolved by immediate consideration of the motion to dismiss.

---

[3] Whether service on Perluss was defective is a discrete issue from whether the removal statute was complied with. Thus, the "strict scrutiny" sometimes applied to issues of removal has no application here, and this Court should not be constrained by it.

## CONCLUSION

Because Frankston has not timely filed his Motion for Remand, because defendants properly and timely complied with the removal statute, and because Perluss's time to remove has not yet begun to run, Frankston's Motion for Remand should be denied.

Respectfully submitted,

BRACKETT B. DENNISTON, III

By his attorneys,

    /s/ John Kenneth Felter, P.C.
John Kenneth Felter, P.C. (BBO #162540)
William J. Connolly III (BBO #634845)
Jeremy C. Millard (BBO #657448)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1211

DATED: April 27, 2005