UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL FRANKSTON,  )<br>  )<br>  Plaintiff  )<br>  )<br>  v.  )  CIVIL ACTION NO. 05-10495-REK<br>  )<br>BRACKETT B. DENNISTON, III, and  )<br>DENNIS M. PERLUSS,  )<br>  )<br>  Defendants  )<br>  ) | |

## JOINT STATEMENT PURSUANT TO L.R. 16.1(D)

Counsel for the parties have conferred, pursuant to FRCP 26(f), and submit the following joint statement as required by L.R. 16.1(D).

### DISCOVERY PLAN

#### I. Initial Disclosures pursuant to FRCP 26(a)

#### A. Plaintiff's Proposal

Plaintiff objects to the open disclosure of any documents containing privileged information. In light of defendants' refusal to agree to a protective order to preserve applicable privileges, plaintiff will move for such an order pursuant to Rule 26(c). Plaintiff anticipates making timely initial disclosures of non-privileged information. Plaintiff has received disclosures from defendant Perluss, including Perluss's statement that there are no relevant documents in his possession, custody or control. Plaintiff is unaware of any disclosures having been made by defendant Denniston.

**B. Defendants' Proposal**

Defendants will timely satisfy their initial disclosure requirements pursuant to FRCP 26(a) and believe that Plaintiff should also timely satisfy those requirements. Defendant Perluss made his initial disclosures on May 11, 2005. Defendant Denniston has already produced to Plaintiff all required documents and will timely satisfy his remaining initial disclosure requirements.

Defendants state that, by commencing this action for alleged malpractice, Plaintiff has waived any attorney-client privilege and/or work-product doctrine protection that he may have had relating to documents or information. Thus, no protective order is necessary.

## II. Proposed Discovery Plans

The parties were unable to reach agreement relating to a pre-trial schedule. The following are the parties' respective proposals.

### A. Plaintiff's Proposal

As a threshold matter, if the Court does not remand the action to Superior Court on the ground that not all of the defendants gave timely consent to the removal petition, jurisdictional discovery concerning the domicile of defendant Denniston should take priority.

**1.   Entry of a Protective Order Should Come First**

As most of the information and documents in the possession of any of the parties is privileged, and plaintiff intends to waive the privilege only to the extent necessary to litigate this action, a protective order should be entered confirming that all disclosures are to be kept in confidence by the parties and their attorneys, and that no disclosure subject to such a protective order may be construed as a general waiver of any aspect of any privilege.

**2.   An Order Is Needed To Establish Control Over Plaintiff's Legal Files**

Defendant Denniston has engaged plaintiff's own former attorneys to represent him in this action, over plaintiff's objections. An Order is necessary to establish that plaintiff's files in the custody of plaintiff's former law firm are plaintiff's property, and that plaintiff is the master of whatever privileges attach to the documents in those files. Plaintiff fully expects and intends to produce relevant documents from those files in discovery, subject to a suitable protective order, but the determination of what documents should be protected as privileged should be made in the first instance by plaintiff, not by defendant's counsel.

**3.** **Proposal for Orderly, Efficient Discovery**

    **(a)** **Hierarchy of issues and witnesses**

Plaintiff proposes that discovery in this dispute be planned around the five fundamental issues in the action, and agrees with defendants that it may be inefficient or unproductive to take discovery on any issue before the preceding foundation issues are examined. In logical order, those five issues are:

    (i) Did defendants actually give the advice or instructions that the complaint alleges they gave (or failed to give)? The only witnesses from whom discovery needs to be taken on this issue are the parties, and it may be that requests for admissions and interrogatories to defendants would suffice. Plaintiff does not anticipate that there will be disputes about the authenticity of documents in litigation files requiring discovery from other attorneys. If defendants did not give, or fail to give, the advice/instructions in issue, then it may be possible to dispose of the case summarily.

    (ii) If defendants did give, or fail to give, the critical advice/instructions in issue, did they have a reasonable basis in law and fact for the advice/instructions they gave or failed to give? Again, the only witnesses from whom discovery needs to be taken on this issue are the

parties, and it may be that requests for admissions and interrogatories to defendants would suffice. If defendants had a reasonable basis for giving, or failing to give, the advice/instructions in issue, then it may be possible to dispose of the case summarily. If there is a controversy about the reasonableness of either defendant's basis for any particular advice/instruction, such that expert opinions become necessary, it would nonetheless appear efficient to defer expert discovery until after the other possibly dispositive issues can be resolved.

(iii)    Was plaintiff harmed by the advice/instructions that defendants gave, or failed to give, without reasonable basis, as alleged in the complaint? Here, the only witness likely to be necessary is plaintiff. If plaintiff was not harmed, then it may be possible to dispose of the case summarily.

(iv)    If plaintiff was so harmed, when did he learn, or should he have learned, of the harm? If plaintiff was harmed so long ago that his claims would be barred by the statute of limitation, then it may be possible to dispose of the case summarily. Again, the only witness likely to be necessary is plaintiff. Contrary to defendants' assertions, the attorney engaged by plaintiff to replace defendant Perluss in a related action was not hired until 1993, and there is no basis whatever for defendants' speculation that he advised plaintiff "that the advice offered by Defendants was negligent" before the California Court of Appeal held in 2003 that the investigation plaintiff had asked the defendants to perform was negligently done.

(v)    The last fundamental issue is the actual extent of plaintiff's damages.

**(b)    Phased discovery**

**Phase I:**    Because the primary witnesses as to issues (i) and (ii) are the parties, and plaintiff is the most significant witness as to issues (iii) and (iv), it would seem most efficient to limit a first phase of discovery to depositions of the parties and written discovery directed to the

- 4 -

parties. The parties should be allowed four months after resolution of privilege issues to pursue Phase I discovery.

**Phase II:** A second phase of discovery would focus on damages, but could include follow-through discovery on issues raised in Phase I. Phase II discovery should begin within thirty days after the Court's decision on any summary judgment motion brought within thirty days of the completion of Phase I, or within forty-five days of the completion of Phase I if no summary judgment motion is filed. The parties should be allowed four months to pursue Phase II discovery.

**Phase III:** Plaintiff proposes that plaintiff's expert witness disclosures be made at the later of ninety days before the final pretrial conference, pursuant to L.R. 26.4(A), or thirty days after the close of Phase II; that defendants' expert witness disclosures be made thirty days after plaintiff's; and that expert depositions be completed within thirty days after defendants' expert disclosures.

### B. Defendants' Proposal

Defendants believe that, in addition to being without merit, Plaintiff's malpractice claims are barred by the applicable Statute of Limitations. Indeed, the alleged malpractice is claimed to have occurred almost sixteen years ago. Defendant Perluss has moved to dismiss the complaint pursuant to FRCP 12(b)(6).

Defendants believe that, if the motion to dismiss is unsuccessful, it is appropriate to divide the pre-trial proceedings into two phases. In the first phase, the parties will conduct fact discovery limited to when Plaintiff's claims accrued. Once the record has been developed, the parties will brief the Statute of Limitations issue under Rule 56(b). In the event the Court denies

summary judgment, the parties will proceed with discovery on the merits of all claims and defenses.

**Phase I:** In Phase I, fact discovery will be limited to information relevant to (i) when Plaintiff knew or should have known of the alleged malpractice and (ii) the timing and circumstances of Plaintiff's alleged harm. There will be no expert discovery in Phase I.

Phase I discovery will be completed 90 days after the Rule 16 Scheduling Conference, which is currently scheduled for June 1, 2005.

During Phase I, Defendants propose to take the depositions of Plaintiff and Joshua Tropper, who represented Plaintiff commencing in the fall of 1992 and advised Plaintiff that the advice offered by Defendants was negligent. If necessary, Defendants will also depose Tropper's former firm, Lee and Tropper, or its successor, pursuant to FRCP 30(b)(6). Defendants will also propound interrogatories, requests for productions of documents, and requests for admissions all relating to the accrual of Plaintiff's claims.

Defendants will move for a summary judgment within 30 days after the close of Phase I discovery. The motion will be limited to the issue of the timeliness of Plaintiff's complaint.

Plaintiff's opposition to the motion for summary judgment will be filed and served within the time set by Local Rule 7.1(b) (14 days).

Defendants' reply, if any, will be filed and served within 10 days after receipt of Plaintiff's opposition.

**Phase II (if necessary):** Phase II fact discovery will be completed within 120 days of the Court's ruling on the motion for summary judgment.

Plaintiff will make his expert disclosures under Rule 26(a)(2) within 30 days after the close of Phase II fact discovery.

Defendants will make their expert disclosures under Rule 26(a)(2) within 30 days after Plaintiff's expert disclosures.

The parties may depose experts within 30 days after Defendants make their expert disclosures. Plaintiff's expert(s) will be deposed before Defendants' expert(s).

Rule 56 motions, if any, will be filed and served no later than 30 days after the close of expert discovery. Oppositions will be filed and served no later than 30 days thereafter. Reply briefs, if any, will be filed and served no later than 30 days after oppositions.

### III.  Proposed Changes in Discovery Limits

#### A.  Plaintiff's Proposal

Plaintiff proposes that each party be available for one deposition day after the last day on which summary judgment motions may be filed, regardless of whether any limit on the number or length of depositions taken previously has been reached.

#### B.  Defendants' Proposal

Defendants propose that, in the event that Phase II discovery becomes necessary, Defendants will be permitted to take seven hour depositions of both Plaintiff and Tropper.

### MOTION SCHEDULE

#### A.  Plaintiff's Proposal

Plaintiff proposes that any summary judgment motion based on any preliminary issue described in (i) through (iv) above be filed within thirty days after the close of Phase I discovery, and that the opposing party be allowed thirty days for opposition.

#### B.  Defendants' Proposal

Defendants' proposed schedule is set forth above. Defendants propose to move for a summary judgment on the Statute of Limitations issue 30 days after the close of their proposed

Phase I discovery. If summary judgment is denied, Rule 56 motions on all other claims and defenses will be due 30 days after the close of expert discovery.

## **OTHER ORDERS UNDER RULE 26(c) OR RULE 16(b) AND (c)**

### A. **Plaintiff's Proposal**

Plaintiff proposes entry of (1) a protective order and (2) an order establishing plaintiff's right to control the exercise of privilege over his own files, to preserve the confidentiality of privileged documents, as noted above. The disqualification of plaintiff's former law firm, now known as Goodwin Procter LLP, pursuant to Rule 1.9 of the Massachusetts Rules of Professional Conduct, may also be required if the firm does not voluntarily withdraw before the Scheduling Conference.

### B. **Defendants' Proposal**

Defendants propose that, if summary judgment on the Statute of Limitations is not granted, that the parties be permitted to amend their pleadings within 30 days after the Court's ruling on that motion. As previously stated, Defendants do not believe that a protective order is warranted. There is no basis upon which to disqualify Goodwin Procter LLP.

## **TRIAL BY MAGISTRATE JUDGE**

The parties do not consent to trial by a Magistrate Judge.

  /s/ Joshua Tropper_____
Joshua Tropper
Gambrell & Stolz, LLP
Monarch Plaza, Suite 1600
3414 Peachtree Road
Atlanta, GA 30326
Phone: (404) 577-6000
Facsimile: (404) 221-6501

Attorney for *Plaintiff Michael Frankston*
Admitted *Pro Hac Vice*

BBO # 652921

\_\_/s/ John Kenneth Felter, P.C._____
John Kenneth Felter, P.C. (BBO# 162540)
William J. Connolly, III (BBO# 634845)
Jeremy C. Millard (BBO# 657448)
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
Phone: (617) 570-1000
Facsimile: (617) 523-1231

Attorneys for *Defendant Brackett B. Denniston, III*

\_/s/ Myles W. McDonough_____
Edward T. Hinchey (BBO# 235090)
Myles W. McDonough (BBO# 547211)
Sloane and Walsh, LLP
Three Center Plaza
Boston, MA 02108
Telephone: 617-523-6010
Telecopier: 617-227-0927

Attorneys for *Defendant Dennis M. Perluss*