UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL FRANKSTON,<br><br>    Plaintiff<br><br>        v.<br><br>BRACKETT B. DENNISTON, III, and<br>DENNIS M. PERLUSS<br><br>    Defendants | CIVIL ACTION NO. 05-10495-REK |

**MOTION OF PLAINTIFF TO STRIKE UNTIMELY "CONSENT TO REMOVAL"
FILED BY DEFENDANT DENNIS M. PERLUSS**

Plaintiff Michael Frankston hereby moves for an order striking as untimely the purported "Consent to Removal" filed on behalf of Defendant Perluss. Perluss contends, with reference to 28 U.S.C. § 1446(b), that the consent was timely filed because he had not been properly served more than thirty days before filing the consent. Perluss is mistaken. Morever, any possible dispute over service is irrelevant because Perluss's consent was not filed within thirty days after service on defendant Denniston.

### I.  CONSENT MUST BE TIMELY FILED TO BE EFFECTIVE

According to what appears to be the most recent published decision from this District on the question, the "rule of unanimity requires that all defendants file their notice of removal or consent to removal within thirty days of being served." *In re Pharmaceutical Ind. Avg. Wholesale Price Litigation,* 307 F.Supp. 2d 190, 193 (D.Mass. 2004). Therefore, if Perluss's notice of consent was untimely, it may be stricken as a nullity.

## II. CONSENT TO REMOVAL MUST BE FILED WITHIN THIRTY DAYS OF THE SERVICE ON THE FIRST-SERVED DEFENDANT TO BE EFFECTIVE

The First Circuit has not ruled on the appropriate application of the "rule of unanimity." Although there is a split among the other circuits, the majority rule, which adheres most closely to the purpose and philosophy of the removal statute, is that "the thirty-day period begins to run as soon as the first defendant is served." *E.g., Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-1263 (5th Cir. 1988). This approach (the "first-served" rule) ensures an early determination of which forum will be proper, and is consistent with the fundamental principle that the removal statute is to be strictly construed against removal. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941): *Rosselló-González v. Calderón-Serra,* 398 F.3d 1, 11 (1st Cir. 2004).

"[I]n the removal context, faithful adherence to the statutory language is more important than avoiding potential unfairness. The plaintiff's right to choose his own forum is superior to the defendant's right of removal." *Auchinleck v. LaGrange,* 167 F.Supp. 2d 1066, 1069 (E.D.Wis. 2001) (citing *Shamrock* and *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

> As one district court recently described the issue:
>
> The first-served rule serves the policies underlying section 1446(b) by settling the question of where the action is to be litigated as early as possible in the litigation. The result otherwise could be chaos as, under the last-served rule, a second defendant served long after litigation commenced in state court could remove the action to federal court. The last-served rule also permits forum shopping by other defendants who, based on the progress of the action in state court, may hope for a more favorable outcome if they agree to the last-served defendant's removal request. The first-served rule, with its definite and early limit on the time for removal, avoids these possibilities.
>
> The first-served rule also serves the strong public policy against removal and separation of powers considerations that support protection of state sovereignty and maintenance of a state's own judicial integrity. Removal, especially after an

action is well underway in state court, interferes with ordinary state judicial processes.

*Cellport Systems, Inc. v. Peiker Acustic GmbH & Co. KG,* 335 F.Supp. 2d 1131, 1133-1334 (D.Colo. 2004).

In some circuits, each defendant is allowed thirty days after service on it (the "last-served" rule) (*e.g., Marano Ents. V. Z-Teca Rests.*, 254 F.3d 753, 757 (8th Cir. 2001). However, such a rule could prolong for months, or potentially even years, uncertainty as to which court is empowered to resolve a dispute. This case presents a good illustration of the complications that could be caused by the "last-served" rule.

Perluss has acknowledged, in a footnote to his opposition to plaintiff's motion to remand, that he "entered into an agreement whereby Perluss would not seek dismissal" on the basis of a purported defect in service. Perluss's Opposition to Plaintiff's Motion to Remand, at p. 2, n. 2. Yet Perluss contends that he remains free to raise other arguments on that basis. That means that he might, for example, move for summary judgment based on insufficiency of service. If the court were to allow such a motion, plaintiff would have to re-serve Perluss at that point. Applying the "last-served' rule would suspend Perluss's obligation to decide whether or not to consent to removal until thirty days after such re-service, however far down the road that might be.

The reason normally given by courts applying the "last-served" rule is that it would seem unfair to a defendant to allow the time for deciding whether to remove to expire before the defendant even knows about the suit against him. *See, e.g., Davidson v. Rand,* 2005 DNH 60, 2005 U.S. Dist. LEXIS 5871, *7-8 (D.N.H. 2005) (applying first-filed rule despite the "attractiveness of this 'fairness' approach"). The law is full of procedural requirements which could have substantive repercussions even if the affected party does not know about them at the

time. The underlying case that led to this malpractice action, for example, was resolved adversely to Perluss's former client with a holding that the statute of limitation barred his claims before he even knew he had been injured. Perluss's pending motion to dismiss in this action is another example, being based substantially on cases holding that statutes of limitation can expire before a party knows he has been injured.

### III. **PERLUSS WAS PROPERLY SERVED ON FEBRUARY 17, 2005**

Even if, in some circumstances, allowing removal within thirty days after service on the last-served defendant might be reasonable, this is not an appropriate case for applying (let alone establishing) such a rule. The two copies of the complaint served on Perluss were not delivered "unattended by formal process," as in *Murphy Bros. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348 (1999), but were accompanied by a summons on which Perluss's name prominently appears at the top, in the caption of the case. Both were delivered in envelopes properly addressed to Perluss, at his home and his office, on February 17, 2005. See Affidavit of Service Under the Long-Arm Statute, ¶¶ 1-3 and Exhibits A and B, copies of which are attached to this motion for convenient reference).

Perluss has argued that service was ineffective under California law (Perluss's Opposition to Plaintiff's Motion to Remand, at p. 3), but nothing in the California statute says how many times the defendant must be identified as such on the face of a summons for it to be valid. The formal requirements of a summons under California law are set forth in Cal. Code Civ. Proc., § 412.20(a), as follows:

> 412.20(a) Except as otherwise required by statute, a summons shall be directed to the defendant, signed by the clerk and issued under the seal of the court in which the action is pending, and it shall contain:
>
> (1) The title of the court in which the action is pending.

(2)   The names of the parties to the action.

(3)   A direction that the defendant file with the court a written pleading in response to the complaint within 30 days after summons is served on him or her.

(4)   A notice that, unless the defendant so responds, his or her default will be entered upon application by the plaintiff, and the plaintiff may apply to the court for the relief demanded in the complaint, which could result in garnishment of wages, taking of money or property, or other relief.

(5)   The following statement in boldface type: "You may seek the advice of an attorney in any matter connected with the complaint or this summons. Such attorney should be consulted promptly so that your pleading may be filed or entered within the time required by this summons."

(6)   The following introductory legend at the top of the summons above all other matter, in boldface type, in English and Spanish: "Notice! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read information below."

This court need not analyze California law, however, because Perluss was served according to Massachusetts law, with a summons issued by the Massachusetts Superior Court. Perluss does not suggest that the summons was insufficient according to Massachusetts law. The formal requirements of a Massachusetts summons in M.R.C.P. 4(b) were satisfied. Perluss's assertion that only his co-defendant's name was repeated below the caption, even if true,[1] would be irrelevant. "Technical defects in the form of the summons and the complaint do not invalidate an otherwise proper and successful delivery of process under *Fed. R. Civ. P. 4*. *Mid-Continent*

---

[1] The Affidavit of Service is contrary, so Perluss's affidavit creates at most a question of fact, as to which defendants have the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37 (1921); *Bally v. Nat'l Collegiate Athletic Ass'n,* 707 F.Supp. 57, 58 (D.Mass. 1988). Ironically, although the summonses and complaints that were delivered to Perluss clearly stated the correct address of plaintiff's counsel, Perluss mailed both his Opposition to Plaintiff's Motion to Remand and his Notice of Consent to Removal to plaintiff's counsel at an incorrect address. That failure of service, which actually prevented plaintiff from learning of the documents until some time later, could be an alternative ground for finding consent to be untimely, if the delay were prejudicial to plaintiff.

*Wood Prods., Inc. v. Harris,* 936 F.2d 297, 301 (7th Cir. 1991) (citing *UFCW, Locals 197 & 373 v. Alpha Beta Co.*, 736 F.2d 1371 (9th Cir. 1984)." *In re Pharmaceutical Ind. Avg. Wholesale Price Litigation,* 307 F.Supp. 2d 190, 196 (D.Mass. 2004).

Moreover, M.R.C.P. 4(h) authorizes the court to "allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process is issued." Allowing amendment to repeat Perluss's name could not materially prejudice Perluss because he knew (or should have known) that he had been sued, he knew (or should have known) that there was a reasonable likelihood that the "first-served" rule might be applied because the First Circuit has not definitively ruled on the issue, he knew (or should have known) that his co-defendant was actually preparing a Notice of Removal, and he knew (or should have known) that his consent was required for removal to be valid. He had ample opportunity to manifest his consent, and cannot now complain that any substantial rights would be materially prejudiced by own his failure to do so.

Perluss admitted, in opposition to remand, that his un-named previous counsel had informed counsel for his co-defendant that Perluss consented to removal. Perluss's Opposition to Plaintiff's Motion to Remand, at p. 2.[2] There is no explanation of why, if Perluss really did consent to removal back in March when defendants' counsel apparently discussed it between

---

[2] This hearsay assertion by Perluss's new lawyer is inconsistent with the Notice of Removal, which did *not* claim that *any* attorney representing Perluss had expressed consent. The Notice of Removal says only that Perluss "does not object," and says that only "on information and belief." *See Marine Charter & Storage, Ltd. v. Denison Marine,* 701 F.Supp. 930, 932 n.1 (D.Mass. 1988) ("It is at best dubious whether information not based on personal knowledge can be properly considered by a court determining whether personal jurisdiction exists"). Some other person's belief that a defendant does not object is no substitute for the defendant's affirmative manifestation of consent, which is what the removal process requires. Perluss's new hearsay assertion that somebody else said something else does not help satisfy the defendants' burden of proof that removal was proper.

themselves, he did not simply join in the Notice of Removal, file a formal notice of consent at that time, or at the very least authorize his co-defendant to state affirmatively that he did consent. There cannot be anything unfair about requiring consent to be expressed to the court, rather than only to one of the other attorneys in the case, for the consent to be valid where a question of federal subject matter jurisdiction is at stake.  Had Perluss properly manifested consent within the first thirty days, there would have been no motion to remand, and there would be no need for the court to decide whether a consent filed a month later was valid.

## IV.  CONCLUSION

Perluss's Notice of Consent was filed April 14, 2005, more than thirty days after service – under either the first-served or the last-served rule – and was therefore untimely.  It should be stricken.

Dated: May 25, 2005                    Respectfully submitted,

                                       GAMBRELL & STOLTZ, LLP


                                            /s/ Joshua Tropper
                                       Joshua Tropper (BBO # 652921)
                                       Monarch Plaza, Suite 1600
                                       3414 Peachtree Road NE
                                       Atlanta, GA 30326

                                       Attorneys for Plaintiff MICHAEL FRANKSTON


### CERTIFICATE PURSUANT TO L.R. 7.1(a)(2)

I, JOSHUA TROPPER, hereby certify that I have conferred with counsel for defendants and have attempted in good faith to resolve or narrow the issue raised on this motion.

                                            /s/ Joshua Tropper
                                       Joshua Tropper (BBO # 652921)

DUPLICATE

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| MIDDLESEX, SS. | SUPERIOR COURT<br>C.A. NO.: 04-03697 |

MICHAEL FRANKSTON,　)
　　　Plaintiff　　　　　　　)
　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　)
BRACKETT B. DENNISTON, III, )
and DENNIS M. PERLUSS,　　)
　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　)

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

FEB 2 2 2005

CLERK

## AFFIDAVIT OF SERVICE
## UNDER THE LONG ARM STATUTE

　　　I, Joshua Tropper, counsel for the plaintiff, Michael Frankston, do hereby depose and state that:

　　　1.　　Defendant Dennis M. Perluss is a resident of the State of California. Pursuant to Chapter 223A, Section 6 of the Massachusetts General Laws and Rule 4 of the Massachusetts Rules of Civil Procedure, I hereby affirm that I have served Defendant Perluss with the Summons, Amended Complaint and Tracking Order, in the above matter by causing duplicates to be mailed by Express Mail addressed to his last known residence address, 932 Malcolm Ave., Los Angeles, CA 90024-3114, and to his business address, 300 South Spring Street, Los Angeles, CA 90013.

　　　2.　　True and accurate copies of the Express Mail address label and the United States Postal Service "Track & Confirm" report showing delivery at defendant Perluss's residence on February 17, 2005, are attached hereto as Exhibit A. A copy of the signed delivery receipt will be submitted with a supplemental affidavit as soon as it is received from the Postal Service.

3. True and accurate copies of the Express Mail address label and the United States Postal Service "Track & Confirm" report showing delivery at defendant Perluss's business address on February 17, 2005, are attached hereto as Exhibit B. A copy of the signed delivery receipt will be submitted with a supplemental affidavit as soon as it is received from the Postal Service.

4. Defendant Brackett B. Denniston, III, is a resident of the State of Connecticut. Pursuant to Chapter 223A, Section 6 of the Massachusetts General Laws and Rule 4 of the Massachusetts Rules of Civil Procedure, I hereby affirm that I have served Defendant Denniston with the Summons, Amended Complaint and Tracking Order, in the above matter by causing duplicates to be mailed by Express Mail addressed to his last known residence address, 1081 Hillside Drive, Fairfield, CT 06824-2113, and to his business address, General Electric Company, 3135 Easton Turnpike, Fairfield, CT 06828-0001.

5. True and accurate copies of the Express Mail address label and the United States Postal Service "Track & Confirm" report showing delivery at defendant Denniston's business address on February 17, 2005, are attached hereto as Exhibit C. A copy of the signed delivery receipt will be submitted with a supplemental affidavit as soon as it is received from the Postal Service.

6. True and accurate copies of the Express Mail address label and the United States Postal Service "Track & Confirm" report showing attempted delivery at defendant Denniston's residence on February 17, 2005, are attached hereto as Exhibit D. A copy of the signed delivery receipt will be submitted with a supplemental affidavit as soon as it is received from the Postal Service.

Signed under the pains and penalties of perjury this 18th day of February, 2005.

                                                             /s/ Joshua Tropper  
                                                             Joshua Tropper  
                                                             Gambrell & Stolz, L.L.P.  
                                                             Monarch Plaza, Suite 1600  
                                                             3414 Peachtree Road  
                                                             Atlanta, GA 30326  
                                                             (404) 577-6000  
                                                             BBO No.: 652921

198682

A

**Customer Copy**
Label 11-F June 2002

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®

**Post Office To Addressee**

EL 960794355 US

**ORIGIN (POSTAL USE ONLY)**

PO ZIP Code: 30355
Date In: 02/16/05
Time In: 1809 PM
Weight: 4 ozs.
Day of Delivery: Second — Fri, 2/18, 12 Noon
Postage: 13.65
Total Postage & Fees: $13.65

Postmark: ATLANTA GA 30355-9998 FEB 16 2005 USPS

**DELIVERY (POSTAL USE ONLY)** — (blank)

**CUSTOMER USE ONLY**

FROM: PHONE (404) 577-6000
GAMBRELL & STOLZ LLP
3414 PEACHTREE RD NW STE 1600
ATLANTA GA 30326-3254

TO:
Dennis M. Perluss
932 Malcom Ave.
Los Angeles, CA 90024-3114

PRESS HARD. You are making 3 copies. FOR PICKUP OR TRACKING CALL 1-800-222-1811 www.usps.com  EMS



# Track & Confirm

**Current Status**

You entered EL96 0794 355U S

Your item was delivered at 11:05 am on February 17, 2005 in LOS ANGELES, CA 90024. The item was signed for by A FLORES.

( Shipment Details > )

**Track & Confirm**
Enter label number:



Track & Confirm FAQs

**Notification Options**

▸ Track & Confirm by email    What is this?   ( Go > )
▸ Request Proof of Delivery   What is this?   ( Go > )

POSTAL INSPECTORS
Preserving the Trust

site map   contact us   government services
Copyright © 1999-2002 USPS. All Rights Reserved. Terms of Use  Privacy Policy

http://trkcnfrm1.smi.usps.com/netdata-cgi/db2www/cbd_243.d2w/output          2/18/2005

B

Case 1:05-cv-10495-REK    Document 29-2    Filed 05/25/2005    Page 7 of 9

**Customer Copy**
Label 11-F June 2002

EL 960794333 US

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®

**Post Office To Addressee**

**ORIGIN (POSTAL USE ONLY)**

| PO ZIP Code | Day of Delivery | Flat Rate Envelope |
|---|---|---|
| 30355 | ☐ Next ☒ Second | ☐ |

| Date In | | Postage |
|---|---|---|
| Mo. 02 Day 16 Year 05 | Fri 2/18 ☒ 12 Noon ☐ 3 PM | $ 13.65 |

| Time In | Military | Return Receipt Fee |
|---|---|---|
| 1845 ☐ AM ☒ PM | ☐ 2nd Day ☐ 3rd Day | |

| Weight | Int'l Alpha Country Code | COD Fee | Insurance Fee |
|---|---|---|---|
| lbs. 4 ozs. | | | |

| No Delivery | Acceptance Clerk Initials | Total Postage & Fees |
|---|---|---|
| ☐ Weekend ☐ Holiday | PM | $ 13.65 |

Postmark: ATLANTA GA 30365-9998 FEB 16 2005

**DELIVERY (POSTAL USE ONLY)**

| Delivery Attempt | Time | Employee Signature |
|---|---|---|
| Mo. Day | ☐ AM ☐ PM | |
| Delivery Attempt Mo. Day | Time ☐ AM ☐ PM | Employee Signature |
| Delivery Date Mo. Day | Time ☐ AM ☐ PM | Employee Signature |

☐ **WAIVER OF SIGNATURE** (Domestic Only) Additional merchandise insurance is void if waiver of signature is requested. I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

NO DELIVERY ☐ Weekend ☐ Holiday

Customer Signature

**CUSTOMER USE ONLY**

METHOD OF PAYMENT:
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or Postal Service Acct. No.

**FROM:** (PLEASE PRINT)   PHONE ( 404 ) 577-6000

GAMBRELL & STOLZ LLP
3414 PEACHTREE RD NW STE 1600
ATLANTA          GA 30326-3254

**TO:** (PLEASE PRINT)   PHONE ( 213 ) 830-7000

The Honorable Dennis M. Perluss
300 South Spring Street
Los Angeles, CA 90013

**PRESS HARD.** You are making 3 copies.   FOR PICKUP OR TRACKING CALL 1-800-222-1811 www.usps.com



# Track & Confirm

**Current Status**

You entered EL96 0794 333U S

Your item was delivered at 11:21 am on February 17, 2005 in LOS ANGELES, CA 90013. The item was signed for by D NOLAN.

 Shipment Details >

**Track & Confirm**
Enter label number:

 Track & Confirm FAQs

**Notification Options**

▶ Track & Confirm by email     What is this?    Go >
▶ Request Proof of Delivery    What is this?    Go >

 POSTAL INSPECTORS
Preserving the Trust

site map   contact us   government services
Copyright © 1999-2002 USPS. All Rights Reserved. Terms of Use  Privacy Policy

http://trkcnfrm1.smi.usps.com/netdata-cgi/db2www/cbd_243.d2w/output          2/18/2005