UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL FRANKSTON, | ) | |
|     Plaintiff | ) | CIVIL ACTION |
| | ) | NO. 05-10495-REK |
| v. | ) | |
| | ) | |
| BRACKETT B. DENNISTON, III, | ) | |
| And DENNIS M. PERLUSS, | ) | |
|     Defendants | ) | |

<u>REPLY MEMORANDUM OF THE DEFENDANT, DENNIS M. PERLUSS,
IN SUPPORT OF HIS MOTION TO DISMISS</u>

FRANKSTON'S OPPOSITION MISCONSTRUES AND MISAPPLIES THE COALESCENCE OF ACTUAL HARM AND NOTICE ACCRUAL TEST UNDER MASSACHUSETTS AND CALIFORNIA LAW.

    The gravamen of Frankston's opposition is his assertion that he sustained no actual harm in engaging Tropper to investigate Frankston's claim against his partners, perform research on his claim, file and prosecute his claim, and advise as to the statute of limitations regarding the claim, on the thesis that "[i]t all would have been necessary if plaintiff had never hired Perluss in the first place." (Plaintiff's Opposition at 12-13)  While this argument fails as a matter of law given Frankston's specific allegations that Perluss' alleged negligence was that he failed to perform precisely these services in a timely manner to the detriment of Frankston (see Complaint, para. 26-29, 45), Frankston's claim still fails even if the Court were to entertain his implicit request to ignore these specific allegations.

    In particular, Frankston alleges in his complaint, and implicitly concedes in his opposition, circumstances which demonstrate the coalescence of "actual harm" with notice of

Perluss' alleged negligence[1] sufficient to trigger the running of the statute by no later than 1994, independent of the actual harm alleged by Frankston triggered by the retention of Tropper to perform the investigation, research, filing, and advice that Perluss allegedly failed to perform in a negligent fashion.

First, Perluss' alleged failures with respect to Frankston's interest "gave the [opponent] an objectively viable defense", *Jordache Enterprises, Inc., et al. v. Brobeck, Phleger & Harrison, et al.*, 18 Cal. 4th 739, 958 P.2d 1062, 76 Cal. Rptr. 2d 749, 759, 765 (1988), which defense (the statute of limitations—see Complaint para. 30) is precisely what Frankston alleges his partners succeeded upon in the California state action to his detriment. See also, e.g., as to Massachusetts law, *Marnerakis v. Lichten,* 203 Mass. Super. LEXIS, 454 17 Mass. L. Rptr. 289, 292 (2003) (discussing *Pelletier v. Chouinard*, 27 Mass. App. Ct. 92 (1989); *Cantu v. St. Paul Cos.*, 401 Mass. 53 (1987), and *Massachusetts Electric Co. v. Fletcher, Tilton & Whipple, P.C.*, 394 Mass. 265 (1985), and holding that legal costs incurred in opposing summary judgment motion asserting grounds arising out of predecessor counsel's alleged malpractice constitutes coalescence of actual harm and notice as a matter of law).

Second, in addition to constituting actual injury to Frankston's substantive rights through the creation of an objectively viable defense for the partners, the expenditure of legal fees in association with opposing that ultimately successful defense as far back as 1995 (see Complaint, para 30) constitutes yet another form of discreet, actual injury which coalesced with Frankston's knowledge of Perluss' alleged negligence. *Id.*

---

[1] In his opposition Frankston does not contest, nor can he, that he has specifically alleged awareness at least as early as 1994 on his part of alleged negligence on the part of Perluss with respect to Frankston's claim against his partners. See, e.g., paras. 26-29, 45 of the Complaint, acknowledging that Frankston brought the California state action against his partners in 1994 pursuant to advice and legal services afforded by Tropper, which advice and services Perluss is alleged to have negligently failed to provide previously.

Third, immediately upon the partners' raising the summary judgment defense in the state court action Frankston's claim against them became less valuable. The diminution in value for negotiation purposes constitutes yet a further form of actual injury sufficient to trigger the running of the statute under both California and Massachusetts law. *Jordache,* 18 Cal. 4th at 743-744; see also *Fishman v. Brooks,* 396 Mass. 643, 647 n.1 (1986) (attorney negligence adversely affecting the settlement value of a claim causes a "los[s] of a valuable right, the opportunity to settle the case for a reasonable amount without a trial"), quoting *Drury v. Butler,* 171 Mass. 171, 175 (1898).

Thus, while Frankston's opposition fails in its avoidance of the complaint's specific allegations that it was Perluss' alleged failure to investigate, research, and file his claim as well as advise as to the statute of limitations, which caused Frankston's harm, and that Tropper was retained to perform precisely those services, these other specifically pleaded forms of actual harm defeat Frankston's opposition position as well.[2]

## CONCLUSION

For the above reasons and those set forth in his memorandum in support of his motion to dismiss, Perluss requests that the plaintiff's claim be dismissed.

> Defendant,
>
> Dennis M. Perluss,
> By his attorneys,

---

[2] Frankston's attempt at an estoppel argument in his opposition is likewise readily disposed of. Since he has pleaded specific knowledge of Perluss' alleged negligence no later than 1994, as manifest in Frankston's retention of Tropper to prosecute the very claim Frankston alleges Perluss failed to timely analyze and assert to Frankston's detriment, there was obviously no reliance upon Perluss with respect to the claim as a matter of law as of June, 1994 when the California state court action against the partnership was filed by Tropper (Complaint para. 29), if not earlier.

/s/ Myles W. McDonough
Edward T. Hinchey, BBO #235090
Myles W. McDonough, BBO #547211
SLOANE AND WALSH, LLP
Three Center Plaza
Boston, MA  02108
(617) 523-6010

DATED:  May 25, 2005