For Publication

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL FRANKSTON,<br>    Plaintiff<br><br>v.<br><br>BRACKETT B. DENNISTON, III, and<br>DENNIS M. PERLUSS,<br>    Defendants | CIVIL ACTION<br>NO. 05-10495-REK |

**Memorandum and Order**
June 23, 2005

### I. Pending Matters

Pending for decision are matters related to the following filings:

(1) Motion of Defendant Perluss to Dismiss for Failure to State a Claim and Local Rule 7.1 Certification (Docket No. 16, filed April 15, 2005);

(2) Memorandum of Law in Support of Motion of Defendant Perluss to Dismiss for Failure to State a Claim (Docket No. 17, filed April 15, 2005);

(3) Motion of the Plaintiff to Remand Action to Superior Court (Docket No. 18, filed April 14, 2005);

(4) Opposition of Defendant Brackett B. Denniston, III to Motion of Plaintiff to Remand Action to Superior Court (Docket No. 19, filed April 27, 2005);

(5) Defendant, Dennis M. Perluss', Opposition to Plaintiff's Motion to Remand

Action to Superior Court (Docket No. 21, filed April 29, 2005);

(6) Plaintiff's Memorandum in Opposition to Motion to Dismiss (Docket No. 22, filed May 2, 2005);

(7) Motion of Plaintiff to Strike Untimely "Consent to Removal" Filed By Defendant Dennis M. Perluss (Docket No. 29, filed May 25, 200);

(8) Reply Memorandum of the Defendant, Dennis M. Perluss, in Support of His Motion to Dismiss (Docket No. 33, filed May 26, 2005); and

(9) Affidavit of Dennis M. Perluss (Docket No. 36, filed June 8, 2005).

## II. Factual and Procedural Background

The original complaint was filed in Massachusetts Superior Court on September 22, 2004 by the plaintiff, Michael Frankston. (Notice of Removal, Docket No. 1, filed March 15, 2005) An amended complaint was filed on February 16, 2005. (Id.) The amended complaint involves a suit against the defendants, Brackett B. Denniston, III, and Dennis M. Perluss, involving a claim that the defendants committed breaches of their duty of care while representing Frankston.

Denniston received a copy of a summons and amended complaint on February 16, 2005. (Id.) The summons sent to Denniston was addressed to Perluss. (Id.) That summons lists the defendants in this case as "Brackett B. Denniston, III and Dennis M. Perluss." It then indicates that it is directed "To the above-named Defendant: Dennis M. Perluss." (Id., at Ex. 1)

The summons sent to Perluss was identical except it indicates that it is directed to Denniston. (Def., Dennis M. Perluss', Opp. to Pl.'s Mot. to Remand Action to Superior Court,

Docket No. 21, Ex. 2, at ¶¶ 4–5; Affidavit of Dennis M. Perluss, Docket No. 36, Ex. 1)  Perluss acknowledges receiving the summons on February 17, 2005.  (Docket No. 21, at 3)  No claim is made that the summons was not accompanied by a copy of the complaint, and Perluss' focus solely on the failure to receive a proper summons implies that he did receive the complaint as well.  (See id.)

Notice of Removal was filed in this court on March 15, 2005, by Denniston.  (Docket No. 1)  That notice states that "[u]pon information and belief, defendant Perluss does not object to the removal of the State Court Action to this Court."  (Id. at ¶ 5)

Frankston has filed a motion to remand this action to state court.  (Docket No. 18)  Denniston and Perluss have opposed this motion.  Frankston has also filed a related motion seeking to strike Perluss' "Notice of Co-Defendant Dennis M. Perluss' Consent to Removal," filed on April 14, 2005, as untimely.  (Docket No. 29)  Perluss has also filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 16)

At the hearing on June 1, 2005, the parties addressed the merits of the motions.  In addition, I allowed the plaintiff's previously filed motion for leave to file a reply brief to Perluss' motion to dismiss.  (Docket No. 31, filed May 26, 2005)  Following the hearing I issued a Procedural Order that noted that Perluss had not put the summons sent to him in the record although he had referred to the summons in his filings and required Perluss to submit the summons as well as other documents he referred to in his filings to the court.  (Docket No. 34, filed June 2, 2005)  Perluss complied with this Order.  (Docket No. 36)

### III. Analysis

#### A. Introduction

Because a decision to remand this case would make it unnecessary and inappropriate to decide whether this court should act on the motion to dismiss for failure of the complaint to state a claim on which relief can appropriately be granted, I will address the motion to remand first.

#### B. Motion for Remand

##### 1. Introduction

Frankston seeks an order remanding this case to the Superior Court for the County of Middlesex pursuant to 28 U.S.C. § 1447.  Frankston's sole ground for this motion is his claim that Perluss never properly joined the petition for removal.  Both Perluss and Denniston oppose this motion.

Denniston originally made three arguments in opposition to the motion for remand. First, he claimed that the motion for remand is not timely because it was never filed with this court.  This argument was withdrawn during the hearing held on June 1, 2005.  Second, he argues that Perluss was never properly served in the case so that the thirty-day time limit for petitioning for removal never began for Perluss.  Third, he contends that he and Perluss complied with the removal statute.

Perluss' arguments focus on his claim that he consented three times within the statutory period: "first, in the co-defendant Denniston's Notice of Removal; second, in Perluss' Consent to Removal filed on April 14, 2005; and third, in Perluss' Motion to Dismiss filed on April 15, 2005." (Def., Dennis M. Perluss', Opp. to Pl.'s Mot. to Remand Action to Superior

Court, Docket No. 21, at 1)  Perluss also contends that he was never properly served so the statutory period for consenting to removal never began to run.

**2. Analysis**

Having a timely filed motion for remand before me, I begin my analysis with the removal statute itself.  Pursuant to 28 U.S.C. § 1446(a), a defendant seeking to remove a case must file a notice of removal with the district court.  Section 1446(b) explains:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Id.  "As a general matter, in cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition."  Montana v. Abbot Laboratories, 266 F. Supp. 2d 250, 260 (D. Mass. 2003) (citing Lapides v. Board of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 620 (2002)).  "This rule of unanimity requires that all defendants file their notice of removal or consent to removal within thirty days of being served, and failure to do so constitutes a defect in the removal procedure and is grounds for remand."  Montana, 266 F. Supp. 2d at 260 (citations and quotations omitted).  Although it is not required that all the defendants sign the petition to manifest consent, "that consent must be manifested *clearly and unambiguously to the Court* within the statutorily prescribed thirty days."  Sansone v. Morton Mach. Works, Inc., 188 F. Supp. 2d 182, 184 (D.R.I. 2002) (emphasis added).

Some uncertainty exists about when a petition for removal must be filed in a case involving multiple defendants.  The Supreme Court established, in Murphy Bros. v. Mitchetti

Pope Stringing, Inc., 526 U.S. 344, 347–48 (1999), that formal service must occur before the statutory period begins to run. But this ruling does not resolve what happens when one co-defendant is properly served and another co-defendant has never been properly served or is served later. It is not necessary to resolve this issue at this time, however, because Perluss was served in a manner that started the statutory clock one day after Denniston was served, and the only possible timely indication of consent by Perluss was not clear enough to amount to a proper manifestation of consent.

Perluss and Denniston contend that because the summons Perluss received was directed to Denniston, it is improper and does not start the statutory removal period. Perluss focuses on California law to establish the impropriety of the service. Denniston focuses on Massachusetts law.

Because this case was originally filed in Massachusetts, Massachusetts law governs the issue regarding validity of service and process. See In re Pharm. Indus. Average Wholesale Price Litig., 307 F. Supp. 2d 190, 195 (D. Mass. 2004) (quoting Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 (7th Cir. 2001)). Massachusetts courts generally will not dismiss a complaint based on procedural technicalities in the process used unless "material prejudice" to "the substantial rights of the party against whom process is issued" would otherwise result. Jones v. Ella J. Fay Baker House, Inc., 2004 WL 856586, *2 (Mass. Super. Mar. 31, 2004). This treatment of "procedural technicalities" in process is like that of the First Circuit. See Libertad v. Welch, 53 F.3d 428, 440 (1st Cir. 1995) ("When an alleged defect in service is due to a minor, technical error, only actual prejudice to the defendant or evidence of a flagrant disregard of the requirements of the rules justifies dismissal.").

In re Pharmaceutical involved a situation in which a co-defendant corporation had not consented within thirty days of being served based on its contention that it had never properly been served with process. Its facts are very similar to those of the case at bar and the court ruled that the case had to be remanded.

Denniston strives mightily to distinguish this case. Denniston points out that In re Pharmaceutical involved a corporate as opposed to an individual defendant and Arizona as opposed to Massachusetts law.

First, the corporate/individual distinction is not important in this case. Courts may be reluctant to hold individuals to the same standards as corporations, particularly where they may be less experienced with the formalities of lawsuits. In this case, Perluss is Presiding Justice of the Court of Appeal of the State of California, Second Appellate District, Division Seven. (Def., Dennis M. Perluss', Opp. to Pl.'s Mot. to Remand Action to Superior Court, Docket No. 21, Ex. 2, at ¶ 3) No reason appears in the documents before me to treat Perluss differently from the misnamed corporation in In re Pharmaceutical.

Second, although In re Pharmaceutical involved Arizona law, the analysis of Arizona law conducted by the court produces results similar to my own analysis of Massachusetts law. In re Pharmaceutical notes that "[w]hile there is a paucity of Arizona law regarding misnomer in a summons . . . it has long been the rule in Arizona that technical defects in a summons will not vitiate the proceedings so long as a litigant is not misled." 307 F. Supp. 2d at 195. I find that Massachusetts law treats technical defects in a similar manner, and Denniston's citation to Connolly Accuchem Corp. v. Eclectic Foods, Inc., 2001 Mass. App. Div. 205, 2001 WL 1231385 (2001), does not convince me otherwise. In Connolly it was not clear from the

7

process whether an individual or a corporation was being sued, in part because of the nature of the claims. Id. at *3. In this case, it is apparent from the face of the summons that Perluss is being sued in his individual capacity. Moreover, In re Pharmaceutical's discussion of the general treatment by federal courts of technical defects in process lends credence to my finding that the service of process in this case was sufficient to put Perluss on notice that he was being sued. Id., 307 F. Supp. 2d at 196.

One final issue raised by Denniston concerning In re Pharmaceutical is that it relies too heavily on a case in which a summons that slightly misnamed a corporation, Morrel v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218 (4th Cir. 1999). Denniston's argument goes more to an argument challenging the Fourth Circuit decision for making broad statements on such narrow facts. Also, that citation is but one in a section that cites a series of sources to establish that a general reluctance exists to dismiss cases for technical defects. This general reluctance is also found in Libertad, cited above.

Denniston makes one final attempt to pull a rabbit out of a hat by contending that even if the defect is not of a type that would require dismissal of proceedings, Frankston should be required to re-serve correct process and the time to file for removal should be measured from the time corrected process is served. Although the Supreme Court in Murphy Brothers indicated that the thirty-day period for removal runs from service of process pursuant to state law, the decision should not be interpreted so rigidly that it would produce a result in tension with how state courts interpret their own rules on process. As I noted above, under both Massachusetts law and federal law, the defect in the process in this case does not affect the integrity of the proceedings. Allowing a plaintiff to serve corrected process does not vitiate previous decisions of

8

the court or previous acts or omissions of the parties. The proposition put forward by Denniston is contrary to the course of action followed by the court in In re Pharmaceutical, and I reject it.

Finding In re Pharmaceutical persuasive, I find that Perluss was put on notice of this suit when he was served and that this technically defective service would not vitiate proceedings under Massachusetts law. Therefore, the time to petition and consent to removal began to run following Perluss' receipt of the summons and complaint on February 17, 2005, and Perluss had thirty days to consent to removal.

Although Denniston claims in his notice of removal that he was served with a summons that is directed to Perluss, he does not contend for the purposes of this motion that this summons was improper, although he preserves the defense in his answer. I consider this issue to be waived. In addition, even if the argument were not waived, I would treat Denniston's case in the same manner I have treated Perluss' case and reach the same result.

Having determined that the thirty-day period ran from the date of service of the summons, and noting that the summons was served on both Denniston and Perluss within one day of each other, I turn my attention to whether Perluss consented to removal in a timely manner. The attempts at consent to which Perluss points that occurred in April are plainly untimely. The parties do not contest that if a proper consent was made in the March 15, 2005, notice of removal, then consent was timely. The alleged manifestation of consent to removal is found in a paragraph of Denniston's notice of removal that states: "[u]pon information and belief, defendant Perluss does not object to the removal of the State Court Action to this Court."

This statement does not amount to a clear and unambiguous statement of *consent* by Perluss to this court. First, the statement leaves one wondering upon what information

Denniston was relying in indicating that Perluss did not object to removal. The statement does not clearly and unambiguously state that Perluss told Denniston that he consented. Second, a failure to object is different than affirmatively giving consent. This finding is bolstered by the general rule that the removal statutes should be construed strictly against removal. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941). But see Colin K. v. Schmidt, 528 F. Supp. 355, 358–59 (D.R.I. 1981) (holding that the oral statements of co-defendants before the court that they did not object to the plaintiff's removal of a case was a sufficient indication of consent). Perluss' unaverred allegation made on April 29, 2005, that he gave his *consent* to Denniston's counsel before the notice of removal was filed (Def., Dennis M. Perluss', Opp. to Pl.'s Mot. to Remand Action to Superior Court, Docket No. 21, at 2), does not remedy the defective attempt to manifest consent in the notice of removal.

   Moreover, despite Denniston's attempt to convince me otherwise, my review of the case law leads me to the conclusion that even if I found the assertion of a "non-objection" in the notice of removal was the equivalent of an assertion of "consent," the manifestation of consent would still be defective because Perluss did not notify the court of his consent. See Sansone, 188 F. Supp. 2d at 184–85 (collecting cases indicating that each defendant must independently notify the court of its consent and distinguishing a case, Sicinski v. Reliance, 461 F. Supp. 649, 652 (S.D.N.Y. 1978), where a court held that remand was not necessary where a defendant who signed the removal petition stated in the petition that he was authorized by the other defendant to consent on his behalf and the other defendant provided an affidavit to the court consenting to removal after the thirty-day time limit was over); Michaels v. State of New Jersey, 955 F. Supp. 315, 320 (D.N.J. 1996) ("Most courts, however, have held that it is not enough for defendants

10

who have not signed the removal petition to merely advise the removing defendant that they consent thereto, or for a removing defendant to represent such consent to the court on behalf of the other defendants.  Rather, most courts require all defendants to voice their consent *directly to the court*."). But see, e.g., Meyer v. ERJ, Inc., 1996 WL 115164, *1 (N.D. Ill. Mar. 14, 1996) (holding that a subsequent averment by all of the co-defendants that they did in fact consent following a statement by one co-defendant in the notice of removal that they did consent was sufficient to allow the court not to remand the case).

I conclude that Perluss did not timely consent to the removal of this case, and the case was improperly removed from state court.  Therefore, I will allow Frankston's motion to remand (Docket No. 18) and require that the Clerk enter an Order remanding this case to the Superior Court of Massachusetts.

**C. Motion to Strike**

Given the above analysis, I will deny Frankston's motion to strike as moot.

**D. Motion to Dismiss**

Because I have found that this case was improperly removed to this court, I will deny Denniston's motion to dismiss because it is not properly before me for decision.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) Motion of Defendant Perluss to Dismiss for Failure to State a Claim and Local Rule 7.1 Certification (Docket No. 16) is DENIED as moot.

(2) Motion of the Plaintiff to Remand Action to Superior Court (Docket No. 18) is ALLOWED.  The Clerk will forthwith enter an Order remanding this case to the Massachusetts Superior Court.

(3) Motion of Plaintiff to Strike Untimely "Consent to Removal" Filed By Defendant Dennis M. Perluss (Docket No. 29) is DENIED as moot.

    /s/Robert E. Keeton

    Robert E. Keeton
    Senior United States District Judge